```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

MARK WADE TYSON,

        Plaintiff,

v.                         Case No. 3:20-cv-807-J-39PDB

BILL LEEPER, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Nassau County Jail, initiated this action by filing a pro se Civil Rights Complaint. Doc. 1. He is proceeding in forma pauperis. Doc. 2. He names twenty defendants: Nassau County Sheriff Bill Leeper; Director of Operations Butch Osborne; Officers Elizabeth Smith, Roy Henderson, Douglas, Maldonado, Anno, Copher, Knight, Jackson, O'Berry, McTague, Fisher, Gibson, and Wettstein; Assistant State Attorneys Starleigh Smith, Donna Gregory Thurson, and Beverly Danielle Collins; State Attorney Melissa Nelson; and the Honorable James Daniel. Doc. 1 at 1-20. Plaintiff is currently in pretrial custody for multiple pending state court criminal cases in which the state is prosecuting Plaintiff for aggravated battery with a deadly weapon causing great bodily harm, permanent disability or permanent disfigurement; aggravated battery with a deadly weapon; burglary of a dwelling; and possession of drug paraphernalia. See

State v. Tyson, Nos. 2019-CF-000750; 2019-CF-000751; 2019-MM-000838 (Fla. 4th Cir. Ct.).

Although not a model of clarity, Plaintiff appears to claim that on July 5, 2019, he called 911 fifteen times because his son had been kidnapped. Doc. 1. However, according to Plaintiff, no one responded to his 911 calls for help, so he "attempted to help [his] son and was charged criminally [himself]." Id. at 23. Plaintiff argues that "all the officers 'Deputy Sheriffs' that are listed, knowingly and deliberately denied [him] his constitutional . . . rights to any and all first responders[] that [are] legally supposed to derive from a 911 emergency call." Id. at 22. He avers the state attorneys he listed as defendants and Judge Daniel are aware he was denied help but "they [are] acting in collusion together to cover up the violations of Plaintiff['s] civil rights." Id. at 22. He argues that this incident resulted in him suffering "mental anguish and incarceration due to denied 911" and "had 911 been available, officers of the law could [have] resolved the situation." Id. at 23. In support of his claim, he attaches to his affidavit of indigency a "CAD Narrative" that appears to contain a brief summary of the 911 calls. Doc. 2 at 8. Some of the calls appear to have been placed by individuals other than Plaintiff and the first 911 summary states "Tyson came on her property and Mark Tyson hit her boyfriend with a baseball[] bat." Id.

2

As relief, Plaintiff requests $1,500,000 for: his civil rights violations; "being denied first responder"; "for one year in the county jail that could have been avoided if 911 emergency was not denied"; and "continuous mental anguish and stress and pain and suffering." Doc. 1 at 23.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material

3

elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation for several reasons. First, Plaintiff has failed to demonstrate that Officers Elizabeth Smith, Henderson, Douglas, Maldonado, Anno, Copher, Knight, Wettstein, Jackson, O'Berry, McTague, Fisher, and Gibson had a constitutional duty to respond to Plaintiff's 911 calls. The holding in DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189 (1989), and its progeny control this claim. In DeShaney, "the Court held under circumstances far more egregious than what [Plaintiff] alleges here that governmental agents had no affirmative duty to protect or aid someone injured while not in government custody and under circumstances not created by the government." Taylor v. Alexander, 580 F. App'x 866, 867 (11th Cir. 2014)(citing DeShaney, 489 U.S.

4

189). The Court noted that "[a]s a general matter . . . we conclude that a state's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney, 489 U.S. at 197. The Court recognized "that a 'special relationship' might exist between the state and an individual that would obligate the state to afford protection . . . [proportionate to] the individual's state-deprived ability to afford his own (e.g., prisoners or involuntarily committed mental patients)." Taylor, 580 F. App'x at 867 (citing DeShaney, 489 U.S. at 200). However, in that circumstance, "[t]he affirmative duty to protect arises not from the state's knowledge of the individual's predicament or from its expression of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." DeShaney, 489 U.S. at 200.

Here, Plaintiff does not allege facts demonstrating the existence of the requisite "special relationship" that would place upon these Defendants the duty to respond to Plaintiff's 911 calls, nor does he allege that any state official placed him in a position of danger which prompted his 911 calls. Instead, Plaintiff argues that had these Defendants appropriately responded to his 911 calls, he would not have needed to voluntarily initiate and engage in a violent encounter with another private citizen. However, "a state's failure to protect an individual against private violence does not violate" that individual's due process rights. Id. As

5

such, Plaintiff does not state a claim upon which relief may be granted. See Diaz ex rel. Diaz v. Mayor of Corpus Christi, 121 F. App'x 36 (5th Cir. 2005) (holding officers and dispatchers' failure to respond appropriately to 911 call did not give rise to cognizable constitutional claim under § 1983).

Likewise, to the extent Plaintiff alleges the "listed Judge and listed state attorn[eys]" conspired "with local law enforcement" to hide Plaintiff's denied 911 calls, Plaintiff does not specifically identify the individuals involved in the alleged conspiracy or that these individuals reached an agreement to deny Plaintiff a constitutional right. Plaintiff also does not contend that this alleged conspiracy, in fact, violated his constitutional rights. See Burge v. Ferguson, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (holding to properly state a claim for conspiracy under § 1983, a plaintiff must allege, with specificity, that the defendants reached an agreement to deny the plaintiff his constitutional rights, and that defendants did, in fact, violate plaintiff's constitutional rights); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984) (A court may properly dismiss a conspiracy claim if it includes only conclusory allegations and does not contain specific facts to inform the defendant "of the nature of the conspiracy alleged."); Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) ("A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an

6

understanding' to violate the plaintiff's constitutional rights."); Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) ("[T]he linchpin for conspiracy is agreement, which presupposes communication."). Thus, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

Second, to the extent Plaintiff seeks to recover monetary damages for claims that in effect challenge the facts underlying his pending state court prosecution and pretrial incarceration, such request is due to be dismissed as premature. "In order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused." Williams v. Holland, No. 3:15-cv-1322-J-20TEM, 2006 WL 27716, at *2 (M.D. Fla. Jan. 5, 2006). (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)). Here, Plaintiff has not alleged that the underlying criminal case has terminated in his favor. As such, Plaintiff's request for monetary damages for his alleged unconstitutional pretrial detention is due to be dismissed.

Third, to the extent Plaintiff is attempting to hold Defendants Leeper, Osborne, and Nelson liable for another officer or state attorney's actions based on the theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cnty., Ga., 749

7

F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Thus, these claims are due to be dismissed.

Further, insofar as Plaintiff seeks money damages against Assistant State Attorneys Smith, Thurson, and Collins for actions they took or are taking as a prosecutor in Plaintiff's state court cases, those claims are also due to be dismissed.[1] Prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)).

Additionally, judges enjoy absolute immunity from suit for actions taken in their official capacities. See Dykes v. Hosemann, 776 F.2d 942, 943 (11th Cir. 1985) ("[A] judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability."). As such, the claims against Judge Daniel are due to be dismissed.

---

[1] Defendant Thurson is the prosecutor who signed the Informations filed in Plaintiff's two felony cases, Nos. 2019-CF-750 and 2019-CF-751, and Defendant Collins is the prosecutor who signed the Information in Plaintiff's misdemeanor case, No. 2019-MM-838. Defendant Starleigh Smith filed the discovery motions on behalf of the state in No. 2019-CF-000751.

8

Finally, and perhaps most importantly, much of Plaintiff's allegations deal with the facts and potential defenses relevant to his ongoing state court criminal cases. This Court will abstain from interfering with those proceedings. Plaintiff may address his concerns by speaking with his state court appointed counsel, filing an appropriate motion with the state court, or voicing his concerns at a scheduled hearing.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of October, 2020.

                                    _____
                                    BRIAN J. DAVIS
                                    United States District Judge

Jax-7

C: Mark Wade Tyson, Booking # 2019-00002387

9